Bonner v. Little et al.

## BONNER v. LITTLE ET AL.

38 397
77 576

1. CHANCERY PRACTICE: *Non-resident defendants.*
   It is the duty of the court without any demurrer, to see that a complaint against a non-resident who is represented only by a guardian *ad litem*, appointed by the court, states a cause of action within its jurisdiction, before rendering a decree against him.

2. SAME: *Non-resident infants must defend by guardian.*
   It is not correct practice to appoint an attorney *ad litem* for non-resident infants; they must defend by guardian.

Bonner v. Little et al.

3. SAME: *Specific performance for part, and compensation for residue.*
   Where a vendor cannot convey all the lands he has contracted to, the vendee may have specific performance for the part he can convey, and as an incident to the suit, compensation for the residue; but courts of equity will not assume jurisdiction for the sole purpose of awarding damages for a breach of contract to convey, where the vendee knows at the institution of the suit that the vendor cannot convey.

4. SAME: *Specific performance; compensation.*
   The plaintiffs filed their complaint in equity against Oliver Bonner and his minor son, James, alleging that Oliver had sold them several tracts of land and executed to them his bond to convey upon payment of the purchase price; that they had paid, but said vendor could convey only a part of the lands, having no title to the residue; that both defendants were non-residents; that the vendor owned another tract of land in the county, and to escape liability on his title-bond, and defeat plaintiffs' recovery of compensation, had fraudulently conveyed it to said minor son. Prayer for specific performance as to the tracts he had title to, and compensation as to the residue, and that the tract conveyed to the minor son be sold to pay it. The defendants were notified by warning order: A demurrer to the complaint filed by an attorney *ad litem* appointed by the court was overruled, and a guardian *ad litem* for the infant defendant filed a formal answer to the complaint.

   *Held:* That the answer was no waiver of the demurrer; that the complaint was sufficient as against the vendor, but not as against the defendant, James; the plaintiffs having no judgment against the vendor, and no attachment upon the land conveyed to the son.

5. ATTACHMENT: *In Equity*
   An attachment against a non-resident lies in equity as well as at law.

6. SPECIFIC PERFORMANCE: *Compensation for deficiencies; how measured.*
   Where a vendee of land by title-bond elects to take under the contract the part which the vendor can convey, and compensation for the residue, the price should be abated in the same *proportion* to the whole amount as the value of the *whole tract* is diminished by the deficiency.

APPEAL from *Logan* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*J. T. Harrison*, for appellant:

The claim of appellee, was unliquidated, not ascertained by judicial proceedings, not even a debt by contract, merely a claim for supposed fraud. A judgment for damages is a *personal judgment;* so is a decree for title. *Monroe & Harlan's Ky. Dig.*, vol. 1, sec. 18, p. 569 ; sec. 179, p. 581. No personal judgment could be rendered against O. H. Bonner without service, and no decree for damages can operate as a demand against the land of appellant, where the tract of land had nothing to do with original contract. See 31 *Ark.*, 235.

To set aside the sale to James Bonner, there must be clear proof of fraud. *Secs.* 41–2–4–5–6–7, *Rose Digest*, title FRAUD ; *Ib.*, *title*, FRAUDULENT CONVEYANCES, *secs.* 1, 8, 9, p. 369 ; secs. 17, 18, 19, 20, 29, 35, 39. The burden was on plaintiffs. *Ib.*, sec. 38, p. 775 ; *Gantt's Dig.*, 4578.

There was no sufficient failure of title ; 19 *Ark.*, 102 ; and if there was, the failure can only be the average price per acre. 21 *Am. Rep.*, 317, 320 ; see also, *M. & H. Ky. Dig.*, secs. 41, 48, title, EQUITY.

Appellant is damaged for every dollar of the judgment, if his land is to be seized, and it was error to measure the damages at one-half the gross purchase money. The true rule was the *average price per acre*. *Hill* v. *Hamel*, 19 *Ark.*

The parties were improperly joined, and the rule that equity having got hold of a case for one purpose, can adjudicate all matters between the parties, does not apply. A court cannot first make parties defendants, whether proper parties or not, and then having got them, proceed to settle controversies that would otherwise have to be settled at law. An action to recover land, and damages for a breach of contract, cannot be joined. See *Notes to sec.* 111, *Ky. Code*, *Myers' Ed.*, p. 308–9–10–11–12 *and* 13.

*Duval & Cravens,* for appellees:

The general rule that a creditor at large, before he obtains judgment, is not entitled to proceed to set aside fraudulent conveyances, does not apply where the debtor resides out of the jurisdiction of the court, so that judgment cannot be obtained against him. *Drake on Attachment, sec.* 225 ; *Scott* v. *McMillen,* 1 *Littell, Ky.,* 302 ; *Williams* v. *Ewing,* 31 *Ark.,* 229 ; *Henry* v. *Blackburn,* 32 *Ark.,* 445 ; *Gantt's Dig., secs.* 4530, 4725–6.

The measure of damages is the actual value of that part to which the title fails. *Sedgwick Meas. Dam., p.* 182 ; 4 *Kent., p.* 564–5 ; *marg.,* 477–8.

Bonner cannot contradict the terms of his bond by parol evidence. *Webb* v. *Rice,* 6 *Hill (N. Y.),* 219 ; *Stevens* v. *Cooper,* 1 *John. Ch.,* 425.

A vendee is bound to know what land is contained in the description in the contract, and fraud may be predicated upon representations that the description covers land not actually included therein. *Wiswell* v. *Hill,* 3 *Paige,* 31.

EAKIN, J. This is a bill by purchasers, under a title bond, against the vendor, who had no title to a part of the lands sold. It has three objects : First, to compel specific performance as to the part which the vendor can convey ; second, to obtain compensation for the deficiency ; and third, to subject to the payment of that compensation a separate and distinct tract of land of the defendant lying in the county, which was not in any manner the subject of the contract, but is all the property he has in the State. To sustain the last branch of the full relief, it is alleged that the vendor has become a non-resident of the State, and that since the sale to complainants of the first tract, he

has, to elude his liability on his title bond, and to defeat complainants of their compensation, made a fraudulent conveyance of the second tract, without consideration, to his son, who, also, is a non-resident and a minor. The money upon the purchase has been almost all paid by complainants, leaving a small balance. There was constructive service upon both father and son. The former never appeared; the latter defended by guardian *ad litem*. Relief upon all points was granted as prayed. Title was decreed in the purchasers of so much as the vendor had the right to convey; the compensation was fixed, and declared to be a lien on the second tract, which, after a day given for payment, was ordered to be sold, as in case of a foreclosure. The defendant, who is the son, appeals.

Before the appointment of a *guardian ad litem*, for the minor, a demurrer to the complaint had been filed in his behalf, by attorney, who was, we may presume, the *attorney ad litem*, who had been appointed for the non-resident defendants. This was not the correct practice, as the Statute does not contemplate the appointment of an attorney *ad litem*, for minors, whether resident or not. They must defend by guardian. (*Williams et al* v. *Ewing and Fanning*, 31 *Ark.*, 229.) Still in analogy with the ruling in the case of *Henry* v. *Blackburn*, 32 *Ark.*, 445, the demurrer may be regarded as enough to have caused the court to question the sufficiency of the bill. As held, in that case, it is the duty of the court, even without any demurrer, before rendering a judgment or decree against an absent defendant, to see that there is a cause of action within its jurisdiction. The demurrer was overruled, and a guardian *ad litem*, subsequently appointed, put in the formal answer prescribed by the Code. This was no waiver of the demurrer, and our first enquiry must be as to whether the bill

1. CHAN-
CERY PRA-
TICE:

Non-re-
sident de-
tendants.

2. INFANTS
must defend
by guardian

discloses upon its face any equities within the scope of the powers of the court to protect or enforce.

3. ———:   The cause of action as against the vendor is one within the ordinary jurisdiction of a Court of Chancery. Where there is a sale of lands, and a contract to convey the legal title, which, as to part, is impossible, the vendee may, if there be nothing else in the case to defeat his equity, elect to have performance, so far as the vendor may be able, and may apply to a court of equity to compel it; and the court taking jurisdiction for this purpose, will retain the cause for the incidental purpose of awarding compensation for the deficiency. This is given, however, more for the purpose of adjusting the equities between the parties, with regard to the subject matter, already properly before the court, than as actual damages for non-performance. With regard to the latter they are more properly within the jurisdiction of courts of law, and courts of equity will not assume jurisdiction for the sole purpose of awarding damages for a breach of contract to convey, where it was known to the complainant, when the suit was brought, that a performance was impossible. (*Parsons on Contracts*, vol. 3, *p.* 401 *and notes*; *Willard's Equity*, *p.* 291; *Hatch* v. *Cobb*, 4 *John.*, *Ch. R.*, 559; *Kempshall* v. *Stone*, 5 *Ib.*, 193; *Story Eq. Jurisprudence, sec.* 799.) This is not such a case. As to a large portion of the land the vendor could convey, and the complainants had the right to invoke the aid of the court to effect that by divesting the vendor of the legal title, and investing the purchaser with it. The vendor being out of the jurisdiction of the court could not be compelled, personally, to execute a conveyance. The jurisdiction to adjust the equities by abatement of the price, attached as an incident, although no personal judgment could be rendered against the non-resident for what may have been overpaid. The court might ascertain it, however, for the

*3. ———: Specific performance for part and compensation for residue.*

purpose of enforcing it against such property as might be properly brought within its grasp. The bill was therefore good as against the vendor.

But at the time when the objection to the sufficiency of the complaint was interposed, by the attorney *ad litem*, it did not appear that there was any cause of action against the non-resident minor, James Bonner. He was a stranger to the contract, and the lands held by him were not at all affected by it. No lien had been fixed upon them in any manner either by judgment and levy, or otherwise. There was no original *nexus* between the two tracts arising from the contract, nor had any judicial proceedings been taken to draw his tract within the jurisdiction of the court. The mere facts of the non-residence of the principal defendant, his want of other property, and the fraudulent conveyance of the other tract to his son, did not of themselves create a lien. Something more was necessary to draw the last tract within the jurisdiction of the court for the purpose of driving away the cloud from the title, and subjecting it, to afford the means of compensation. There could, of course, be no personal judgment against the vendor and levy so as create a lien; but the Statutes regarding attachments fully supplement this deficiency in the remedy. The claim against the vendor is one arising upon contract, and an attachment against a non-resident lies in equity as well as at law. 5. Attachment in equity.

Before some such proceeding had been taken, the defendant, James Bonner, could not be called to answer as to his good faith in obtaining title; although if the property had been properly brought within the reach of the court, he might well, in the same suit, have been required to do so, so that complete justice might be done at once, by selling a good marketable title. The demurrer, so far as the bill affected James Bonner, should have been sustained, and no

further proceedings should have been taken to bind him until the land he claimed should be seized by attachment.

If the principle be admitted, that a bill like this, which is, in all that concerns James Bonner, a creditor's bill, can be maintained without any judgment to ascertain a debt, or proceedings to fix a lien, it will be far-reaching, and altogether too wide in its application. It will apply to all damages arising upon contract, as there is nothing peculiar in a contract to convey *some* land to make it affect *others*. It will utterly discard, with regard to non-residents, the well settled policy of Chancery Courts, under which they refuse to entertain creditors' bills until the debts have been ascertained at law, or the property brought within the grasp of the court. It seems that such confusion and want of harmony in the application of equitable rules would be an evil much to be deprecated.

So much of the decree against Oliver Bonner, the vendor, as vests the title in complainants to so much of the land as he could convey, is fully sustained by the evidence and pleadings, and may be affirmed.

So much of it as fixes the compensation for failure of title as to the lands north of the Petit Jean, so far as it can affect the interests of said Oliver alone, might, if the matters were well separable, be affirmed also, as he does not appeal. But they are not separable. This part of the decree cannot well affect Oliver, at all, as there can be no personal judgment or execution. It immediately affects James Bonner, or may do so if proceedings be taken to subject the lands held by him to its payment, and he is to be bound thereby. Whether the conveyance to him be held fraudulent or not, he may, at worst, pay the compensation, and hold the land. The amount of it he has the right to contest, if the lien be fixed upon his property, and he

Bonner v. Little et al.

should have day in court for the purpose, after he is prop-
erly brought in.

As the cause must be remanded, we deem it well to declare
the principles upon which the amount of compensation is to
be determimed.    As above stated, it is not given strictly as
damages, but rather as an adjustment of equities arising
out of the particular transaction, and the measure is not in
every case the same.    It might not be fair to measure the
compensation by the actual value, abstractedly considered,
of the land to which the title failed, at the time the contract
should have been performed.

6.  Com-
pensation
for  defi-
ciency.

A more equitable adjustment, where the vendee elects to
take under the contract, and not to sue at law for the breach,
is to abate the price in the same *proportion* to the whole
amount, as the value of the *whole tract* is diminished by the
deficiency.

Let so much of the decree as fixes the amount of the
compensation, and makes it a lien upon the lands claimed
by James Bonner, be reversed, and let the decree be other-
wise affirmed.    Remand the cause for further proceedings,
with leave to complainant, if he be so advised, to sue an
attachment in the suit ; and if he should decline, with direc-
tions to dismiss the suit as to James Bonner, and in that
case to let the amount of compensation stand as now fixed.