## CREASE v. LAWRENCE.

1. JURISDICTION : *In equity supplied by cross-complaint.*

   Though a complaint in equity shows no right to relief in a court of equity, yet if a cross-complaint be filed, showing a right to equitable relief in the defendant, this supplies any defect in the equitable jurisdiction of the court; places the court in possession of the whole cause and imposes on it the duty of giving relief to the party entitled to it—the original and cross-complaint being but one cause.

2. PRACTICE IN SUPREME COURT: *Rendering final decree.*

   C filed against L her complaint in equity, which contained no ground for equitable relief. L answered, and made his answer a cross-complaint, which showed that he was entitled to relief in equity ; and also demurred to the complaint for want of equity. His demurrer was sustained and the complaint was dismissed, and C appealed. HELD: That the cross-complaint, containing equity, gave to the court jurisdiction of the whole cause, with power to decree for the party entitled to it under the proof, and as the cause was ready for final hearing, and the proof showed that the plaintiff was entitled to recover, this court reverses the judgment of dismissal, and renders decree here for the plaintiff.

3. EJECTMENT : *Adverse possession as title.*

   Open, notorious and adverse possession of land for seven consecutive years confers title upon the possessor, which will support an action of ejectment against his dissessor. (For the acts constituting the adverse possession in this case, see the opinion.—REP.)

APPEAL from *Saline* Circuit Court, in Chancery.
Hon. J. B. WOOD, Judge.

*U. M. & G. B. Rose, R. A. Howard* and *R. C. Newton,* for appellants.

A cause should not be abated or dismissed for an error as to the kind of proceedings adopted, but should be transferred to the proper docket. (*Mansf. Dig., sec. 4925.*)

Besides, the error was waived by failure to move to transfer. *Ib., sec. 4927.*

The plaintiffs and their ancestors had been in undisputed possession for more than twenty years. Their possession, holding under a deed, was co-extensive with the grant. *Wood on Lim., sec. 259; 34 Ark., 547.*

The cross-bill of appellee gave the court jurisdiction of the whole case. *29 Ark., 612; 34 ib., 418; 46 ib., 101.*

The long and undisputed possession of plaintiffs, gives them as perfect a title as if they had deeds from all the world. *34 Ark., 547.*

*Ratcliffe & Fletcher*, for appellee.

Lawrence was in actual possession when the suit was brought; there was no ground for injunction, or the exercise of equity jurisdiction. *11 Ark., 304; 30 ib., 642; 33 ib., 636; 37 ib., 643.*

Crease's possession was not sufficient to give title by limitation. He only was in possession of a very small portion of the tract, and no one knew it except his family or employes. This was not such open and notorious possession as would put the owner on his guard. *(34 Ark., 602; 27 ib., 94.)* Every presumption is in favor of the true owner. *Angell on Lim., sec. 385.*

Epperson was also in actual possession of the land, claiming under legal title, and the possession of one claiming under color of title only extends to the limits actually occupied. *38 Vt., 345; 20 Penn. St., 25; 39 Wis., 538.*

BATTLE, J. On the 18th day of April, 1882, A. Sophia Crease and Laura C. Lewis filed their complaint in equity, in the Saline circuit court, against W. A. Lawrence, alleging the following facts: About the year 1844, John H.

Crease, the father of the plaintiff, occupied certain lands lying in Saline county. On the 28th day of June, 1855, George C. Watkins conveyed these lands to Jane Crease, the wife of John H. Crease. On the 26th day of July, 1871, Crease and wife conveyed the lands to plaintiffs. John H. Crease and wife were in actual, adverse and peaceable possession of the land from 1844 until 1872, when they both died, and from the time of their death plaintiffs remained in like possession until 1880, making a continuous possession of more than thirty years. About the 27th day of February, 1880, defendant, knowing these facts entered upon one tract of the land, and made a small improvement on it, claiming by virtue of a deed executed by John T. Jones, as an attorney in fact for L. A. Epperson, C. W. Epperson, C. L. Scrutchfield and S. F. Scrutchfield, dated the 27th day of February, 1880. Since his entry defendant has committed many trespasses on the tract claimed by him, and still continues to do so, and by his claim casts a cloud over the title of plaintiffs. And they prayed for an injunction against the trespasses complained of, for possession, for an account of rents, and for general relief.

The defendant answered, and denied that John H. Crease ever occupied the land in controversy; that plaintiff had actual and continued occupancy and possession thereof for seven years next before the 28th day of February, 1880; and that Watkins had any title to the land, on the 28th day of June, 1855, when he conveyed to Mrs. Crease. He averred that Watkins pretended to derive title from one S. M. Rutherford, who conveyed to him by deed, dated September 30, 1854. That on the 12th day of June, 1846, in a suit then pending in the chancery court of Pulaski county, wherein Albert Epperson was plaintiff and Muchberry, H. Beatty and Samuel M. Rutherford and others

were defendants, it was decreed, among other things, that all the right, title and interest of said defendants in the land in question should be divested out of them, and vested in Beatty, and that the land should be sold by Milton Fowler, as commissioner. That Fowler, as such commissioner, sold the land on the 19th day of October, 1846, pursuant to the decree, and executed a deed to Epperson, who bought at his sale. That on the 27th day of February, 1880, L. A. Epperson and others, only heirs of Albert Epperson, who had died in the meantime, by John T. Jones, their attorney in fact, conveyed the land to defendant. That since the conveyance of the land by Fowler, or soon thereafter, Epperson, and those claiming under him have had possession and control of the land openly and adversely. He denied that he took forcible possession of the land, but averred that possession was delivered to him by his grantor peaceably, and that he had made valuable improvements on it.

He demurred to the complaint because there was no equity in it, and the facts therein stated were not sufficient to constitute a cause of action.

He made his answer a cross-complaint against the plaintiffs, and prayed that the complaint be dismissed, and that the deeds from Rutherford to Watkins, from Watkins to Mrs. Crease, and from Crease and wife to plaintiffs, be set aside, and that the title of the defendant to the land be forever quieted, and for other relief.

Plaintiffs answered the cross-complaint, and repeated the allegations of their complaint as part of their answer. They denied that Watkins or any one occupying the land and claiming title to it, were parties to the suit brought by Epperson against Beatty and others; that Fowler, as commissioner, ever made any valid deed to the land as alleged. They said they knew nothing of the death of

Epperson, nor whether he died intestate, nor who his heirs were; and they denied the right of defendant as claimed under Epperson. They denied the authority of Jones to act as attorney in fact; that Epperson or any one claiming under him had possession and control of the land, and that defendant entered peaceably into the possession of the land, and made valuable improvements thereon.

The court sustained the demurrer to the complaint, because there was no equity in it, and dismissed it without prejudice. And plaintiffs appealed.

**1. Jurisdiction in equity supplied by cross-complaint.** According to the allegations of the complaint plaintiffs were not entitled to any relief in equity. But defendant's cross-complaint showed *he* was, and this supplied any defect in the equitable jurisdiction of the court, placed the court in the possession of the whole cause, and imposed the duty on the court of granting relief to the party entitled to it—the original and cross-complaints being but one cause. The court below, therefore, erred in sustaining the demurrer of defendant, and dismissing the complaint. *Radcliffe v. Scruggs, 46 Ark., 102.*

As the cause was ready for hearing, we proceed to consider the merits and to render such decree as should have been entered below.

**2. Adverse possession.** The evidence established that plaintiffs and their grantors held, occupied and cultivated a farm on the land in controversy, and lands contiguous thereto, under deeds conveying the same to them, respectively, for about twenty years before defendant's purchase. Only a small part of the farm, however, was on the land in controversy; the remainder thereof, except two or three acres, being woodland. During the entire twenty years plaintiffs and their grantors claimed the land as their own, and used so much thereof as was not enclosed, as a wood lot, and cut on it the fire wood and timber used on the farm, as they did on

their other woodland.    Their claim was open, adverse and notorious.    Soon after the close of the late war between the states Epperson's agent had notice of their claim, both insisting on paying the taxes on the land.    For more than ten years before he purchased defendant knew of their claim.    Taking all these circumstances together, it is evident that the possession of plaintiffs and their grantors was open, notorious and adverse ; and continued for more than seven successive years before the defendant purchased or entered into possession.    This was sufficient, as held by this court in *Logan v. Jelks, 34 Ark., 547*, to vest in plaintiffs the title to the land, if it was not already vested, and enable them to maintain an action of ejectment for it.

The decree of the court below is therefore reversed, and a decree will be entered here in favor of plaintiffs quieting their title to the land in controversy, and for the possession thereof, and for the costs of this court and the court below.