DICKINSON *v.* ARKANSAS CITY IMPROVEMENT COMPANY.

Opinion delivered February 10, 1906.

1. EQUITY — W H E N JURISDICTION CONFERRED BY CROSS-COMPLAINT.— Although a complaint in equity fails to state a cause cognizable in equity, it should not be dismissed if defendant's cross-complaint states a cause of action within the court's jurisdiction. (Page 575.)

2. SAME—INJUNCTION AGAINST OBSTRUCTING HIGHWAY.—Equity has jurisdiction of a cross-complaint which seeks to restrain plaintiff from obstructing streets and alleys upon which defendant's land abuts. (Page 575.)

3. SAME—JURISDICTION TO ADMINISTER COMPLETE RELIEF.—Where a court of equity rightfully assumes jurisdiction of a cause for one purpose, it may grant all the relief, either equitable or legal, to which any of the parties show themselves entitled in the subject-matter of the controversy. (Page 576.)

4. TAX DEED—AMBIGUITY.—A tax deed which describes the land as "part E½, NE¼, sec. 32," etc., without otherwise describing the part intended to be conveyed, is void for insufficiency of description. (Page 576.)

5. LIMITATION—VOID TAX DEED.—A tax deed which is void for insufficiency of description of the land does not set the two years statute of limitations running. (Page 576.)

6. TAX DEED—SALE FOR EXCESSIVE AMOUNT.—Sale of an entire tract for the whole of the taxes due thereon renders the sale void where a part of the taxes thereon had been paid. (Page 576.)

7. LIMITATION—POSSESSION OF TENANT.—One who occupies land as a tenant can not acquire title by limitation as against the landlord. (Page 577.)

8. STREETS—DEDICATION.—Where cotenants platted the land held in common into lots and blocks, and divided the land among themselves, the fact that the land so divided is still held by the cotenants or their privies will not prevent the dedication from being given effect among themselves. (Page 577.)

9. DEDICATION OF LAND—REVOCATION.—Where the owners of land laid it off into blocks and lots, with streets and alleys intervening, but none of the lots or blocks were sold to third parties, and the streets and

alleys were never thrown open to public use, neither the public nor any third persons had any rights in the streets and alleys, and the dedication might be revoked by the owner. (Page 577.)

10. SAME—HOW REVOKED.—Revocation of a dedication of land may be accomplished by an affirmative act in recalling it, or by an abandonment of the scheme. (Page 578.)

11. SAME—WHEN ABANDONED.—Where, for twenty years after land was platted with lots, blocks, streets and alleys and dedicated as an addition to an adjoining town, no lots were sold and none of the streets were thrown open to the public, it will be inferred that the dedication was abandoned. (Page 578.)

12. SAME—EFFECT OF ABANDONMENT.—A conveyance of lots and blocks, describing them by numbers only, passes the fee to the streets and alleys on which they abut, subject only to the rights of the public to use the same as highways; and when the streets are vacated, or the use abandoned, they revert to the owners of the abutting lots. (Page 579.)

13. LANDLORD AND TENANT—RENT—ADMISSION.—Where a landlord and tenant were unable to agree upon the terms of renewal of a lease, save as to the amount, and the tenant held over, the agreement as to the amount of the rent will be taken as an admission on the landlord's part as to the amount due for the rent. (Page 580.)

Appeal from Desha Chancery Court; MARCUS L. HAWKINS, Chancellor; affirmed.

STATEMENT BY THE COURT.

In 1881 John D. Adams, Mrs. M. L. Dickinson, wife of J. W. Dickinson, and Mrs. M. W. Lewis, wife of E. C. Lewis, owned, as tenants in common, a large body of land situated near the corporate limits of the town of Arkansas City. Mrs. Dickinson also owned separately an adjoining tract containing 80 acres. Anticipating a rapid growth of the town so as to encompass the land, the parties named laid off the said land into blocks and lots with streets, avenues and alleys intervening, and platted them as an addition to the town. There were three separate plats, one called "Highland Addition," another "North Highland Addition" and the other "Dickinson's Addition." Two of the plats were never placed of record, and the other was recorded since the commencement of this litigation. Nor have the corporate limits of the town ever been extended so as to embrace any part of the land in question. After platting the lands, the parties partitioned among themselves the lands held in common, and executed parti-

tion deeds describing the lots and block by numbers and reciting the fact that they dedicated to the public use all the streets and alleys (except certain therein named), and reserved two blocks to be held in common "for park purposes and other uses as they may hereafter determine."

On June 15, 1882, they formed a domestic corporation called the Arkansas City Real Estate & Improvement Company, and each conveyed to said corporation certain lots and blocks embraced in said additions. The plaintiff herein, Arkansas City Improvement Company, a foreign corporation, acquired title to said lots and blocks under mesne conveyances from said Arkansas City Real Estate & Improvement Company, as recited in the opinion of this court in the case of *Steers* v. *Kinsey,* 68 Ark. 360, wherein the title was adjudged to be in said Arkansas City Improvement Company. Appellants Lewis and Mrs. Dickinson acquired title to all the lots and blocks not conveyed as aforesaid to said corporation. In all the conveyances referred to, the property conveyed is described by lot and block numbers and without any other description.

None of the streets, avenues and alleys marked on the plats were ever thrown open to public use or opened at all, and no effort has ever been made, before the commencement of this suit, to have them thrown open to use. Some of the land embraced in the so-called addition has, up to the trial of this case below, been in cultivation as a farm, and a considerable portion of it is woodland and thickets of undergrowth. Farm houses remain in the platted streets, farm fences cross them, and the land is intersected by two public roads running irregularly without regard to the platted streets.

In the case of *Steers* v. *Kinsey, supra,* a receiver was appointed by the court, who took charge of the lots and blocks owned by the Arkansas City Improvement Company, and rented the same as a farm to J. W. and M. L. Dickinson from the year 1896 until the termination of that suit in 1900, and from then up to and including the year 1902, Dickinson and wife rented the land from the Arkansas City Improvement Company. The leases to Dickinson and wife were in writing, and some of them stipulated that said lessees should keep up the fences and other improvements; and they rebuilt fences which had been washed away by

overflows, and in doing so fenced up blocks, streets, alleys, etc., into a farm.

At the expiration of the year 1902 the parties were unable to agree upon terms of lease for the succeeding year, and the present controversy then arose. The Dickinsons claimed that the streets, avenues and alleys had been dedicated to the public use, demanded that the same be thrown open to such use, and threatened to tear down the fences obstructing the platted streets and alleys. This suit was then commenced in the chancery court of Arkansas County by the Arkansas City Improvement Company against the Dickinsons to restrain the latter from tearing down the said fences and from interfering with plaintiff in renting the land.

It is also alleged in the complaint that the Dickinsons were claiming title to 55 acres of said land owned by plaintiff under tax sales alleged to be void, and the prayer is also for a cancellation of said tax deeds. A part of the land was assessed for taxation in the name of M. L. Dickinson as owner for the year 1895 under the following description: "Part E. ½ N. E. ¼, sec. 32, T. 12 S., R. 1 W., 55 acres;" and was sold under that description by the collector of taxes on June 8, 1896, to F. N. Thane, wife of the receiver, H. Thane, who assigned the certificate of purchase to C. F. Dickinson, son of J. W. and M. L. Dickinson. Pursuant to the tax sale a deed was executed by the clerk to C. F. Dickinson according to the above description, who conveyed to J. W. Dickinson. The same land was assessed for taxation in the same name for the year 1897 under the following description: "Frl. E. ½, N. E. ¼, sec. 32, T. 12 S., R. 1 W.," and was sold under that description by the collector to J. W. Dickinson, who received a clerk's tax deed therefor. For the same years a part of the same sectional subdivision was assessed for taxation in the name of Arkansas City Improvement Company under the following description: "Pt. E. ½ N. E. ¼, sec. 32, T. 12 S., R. 1 W., 25 acres;" and the taxes extended against it were paid by that company.

The defendants filed an answer and cross-complaint, claiming title to 55 acres in the east half of northeast quarter of section 32 under said tax deeds and asserting a right to have all of said platted streets, avenues and alleys in said addition thrown

open in accordance with said alleged dedication, and they prayed that the plaintiff be restrained from obstructing the same with fences. They also pleaded title by adverse possession of the 55 acres for a period of two years under said tax deeds. Subsequently M. W. and E. W. Lewis were made defendants on their own motion, and filed answer adopting the answer and cross-complaint of their co-defendants, and joined in the prayer for affirmative relief as to the opening of the streets, etc.

The cause was heard upon the pleadings and exhibits, deeds, plats and other documentary evidence and the depositions of witnesses taken by both sides, and a final decree was rendered, dismissing the cross-complaint for want of equity and granting the relief prayed for in the complaint.

All of the defendants appealed.

*J. W. Dickinson,* for appellants.

1. Appellees had an adequate remedy at law, and the complaint should have been dismissed for want of equity. 58 Ark. 142; 32 Ark. 478; 33 Ark. 636; 67 Ark. 413.

2. The landowner may plat or lay out a town so as to pass to the public portions of the land for perpetual use as streets and public grounds, which, when acknowledged and recorded in conformity with the statutes, operates as a sufficient conveyance of such streets and grounds to public use. 6 Wait, 307 *et seq.; Ib.* 306. When land is appropriated to the purpose of a highway, the public acquires only the right of way; the fee remains in the dedicators, who may maintain action against persons improperly appropriating the highways. *Ib.* 305. An express dedication may become effective without immediate use. Elliott on Roads & H. 91. The intention of the owner, rather than the time, determines the dedication. *Ib.* 125. No specific length of time is necessary to constitute a valid dedication. *Ib.* 125.

3. Actual possession for more than two years of land sold at tax sale under a description sufficiently clear to locate the land gives appellant title by statutory limitation. 58 Ark. 418; 59 Ark. 460; 60 Ark. 163.

*F. M. Rogers* and *W. S. McCain,* for appellee.

1. The interest of the public in a highway or street is merely an easement or right of passage. The fee remains in the original

owner, together with all rights of property not consistent with public use. Owners of land on each side of road or street go to its center. 24 Ark. 102; 51 Ark. 490; 50 Ark. 466. If the public decline to accept the dedication, or if they abandon it, the land dedicated is restored to the abutting owner. 50 Ark. 53; *Ib.* 466; 59 Ark. 27; 3 Kent, Com. 450; 10 Pet. 662; 42 Ark. 66.

2. The tax deed is void for want of proper description of the land. 56 Ark. 172; 59 Ark. 460.

3. Appellant's cross-bill stated a case cognizable in equity, which saved the jurisdiction, even if the complaint had been without equity. 46 Ark. 96; 48 Ark. 312. Having jurisdiction of part of the subject-matter, a court of equity will dispose of the whole case. 30 Ark. 278. It is the proper forum to determine questions as to easements and obstructions to highways. 50 Ark. 466.

*J. W. Dickinson* and *Rose, Hemingway & Rose,* for appellants, in reply.

After sale of lots with reference to the plat, the dedication is complete, and purchasers acquire a right to have the streets and squares delineated on the plat kept open. 9 Am. & Eng. Enc. Law (2 Ed.), 57. The purchaser's right is appurtenant to his purchase, and vests immediately; but the public only acquires its right by acceptance through authorized public agency or by user. *Ib.* 65; 13 Cyc. 455, 458. The right acquired by purchase of such lots is irrevocable. 9 Am. & Eng. Enc. Law (2 Ed.), 77; 13 Cyc. 489. Nonuser does not give the right of revocation. 13 Cyc. 490, 495; 21 Col. 1; 29 La. Ann. 630. See also 59 Ill. 198; 54 Mich. 466; 82 Me. 438; 50 N. J. Eq. 1; 56 Wis. 386; 109 Mass. 292.

McCULLOCH, J., (after stating the facts.) Upon the threshold of the case here, appellants present the question that the cause of action stated in the complaint, and the relief prayed for, are not within the jurisdiction of a court of equity, and that for that reason the complaint should have been dismissed. Conceding that the complaint stated no grounds for the exercise of equity jurisdiction, the cross-complaint of the defendants, in seeking to restrain the plaintiff from obstructing the streets and alleys upon which the lots and blocks owned by defendants abutted, stated a

cause of action clearly cognizable in equity (*Davies·* v. *Epstein, ante,* p. 221; *Texarkana* v. *Leach,* 66 Ark. 40; *Packet Co.* v. *Sorrels,* 50 Ark. 466), and thus supplied the defects in jurisdiction. *Radcliffe* v. *Scruggs,* 46 Ark. 96; *Crease* v. *Lawrence,* 48 Ark. 312.

Where the court of equity rightfully assumes jurisdiction for one purpose, it may grant all the relief, either legal or equitable, to which any of the parties show themselves entitled in the subject-matter of the controversy. *Crease* v. *Lawrence, supra; Hankins* v. *Layne,* 48 Ark. 544; *Apperson* v. *Burgett,* 33 Ark. 328; *Conger* v. *Cotton,* 37 Ark. 286; *Bonner* v. *Little,* 38 Ark. 397.

There remain two questions to dispose of, viz.: the claim of title of the Dickinsons, appellants, under the tax deeds and by adverse possession for the statutory period of limitation, and the right of appellants to require the opening of the streets and alleys laid out on the plat of the three additions.

The tax sale of 1896, and the deed executed pursuant thereto, describing the land as "part E. ½. N. E. ¼. sec. 32. T. 12 S.. R. 1 W.," were void because of the imperfect and uncertain description. *Schattler* v. *Cassinelli,* 56 Ark. 172; *Cooper* v. *Lee,* 59 Ark. 460; *Little Rock & Fort Smith Ry. Co.* v. *Huggins,* 64 Ark. 432; *Rhodes* v. *Covington,* 69 Ark. 357.

Nor does the two years statute of limitation run under a deed containing such description. A deed failing to describe the land is equivalent to no deed at all. In order to put this statute in operation, the adverse holding must be under a deed purporting to convey the land pursuant to a tax sale. The deed under which appellants claim to have held does not purport to convey the title to any land, because none is described therein. *Rhodes* v. *Covington, supra.*

The second tax deed under which appellants claim title is void for a different reason. Conceding that the description "Frl. E. ½, N. E. ¼, sec. 32, T. 12 S., R. 1 W.," where the section is not in fact fractional, is sufficient to describe the whole of the east half of the northeast quarter, the record shows that appellee paid taxes for the same year on part of the same subdivision, and, this being true, a sale of the tract for the whole of the taxes assessed, when part of the taxes thereon had been paid, renders the sale void. A tax sale made for an excessive amount is void.

*Goodrum* v. *Ayers,* 56 Ark. 93; *Cooper* v. *Freeman,* 61 Ark. 36; *Kirker* v. *Daniels,* 73 Ark. 263.

Appellant's plea of the statute of limitation under this deed can not be sustained, for the reason that they were in possession of the land as tenants of appellee, and the possession was not adverse. They could not acquire title by limitation while occupying the lands as tenants of appellee. Possession thus held was not adverse to the rights of the landlord.

Did appellants have the right to require the opening of the streets and alleys indicated on the plats of the several additions?

In the recent case of *Davies* v. *Epstein, supra,* we approved the generally established doctrine that "an owner of land, by laying out a town upon it, platting it into blocks and lots intersected by streets and alleys, and selling lots by reference to the plat, dedicates the streets and alleys to the public use, and such dedication is irrevocable." It is equally well established that "merely laying out grounds, or merely platting and surveying them, without actually throwing them open to public use or actually selling lots with reference to the plat, will not, as a general rule, show a dedication." *Holly Grove* v. *Smith,* 63 Ark. 5; Elliott on Roads, § 117; *United States* v. *Chicago,* 7 How. 185.

In the case at bar none of the streets and alleys were actually thrown open to use, and no sales of lots to third parties are shown to have been made. However, we think that the fact that lots and blocks are still owned by the several alleged dedicators, or their privies, is of the same force in effectuating the dedication *inter sese* as if sales of lots had been made to third parties. Either may object to a revocation of the dedication, if the objection be manifested in apt time.

The question presented now is not so much that of the original intention on the part of the owners to dedicate to the public use, but whether the dedication has been revoked by the dedicators by an abandonment of the scheme in furtherance of which the original dedication was intended. None of the lots and blocks having been sold to third parties, and, the streets and alleys never having been thrown open to public use, neither the public nor any third parties have rights in the dedication. It therefore remained within the power of the owners to revoke the dedication. Elliott

on Roads, § 150; *Holly Grove* v. *Smith, supra; People* v. *Under-hill,* 144 N. Y. 316; *Steinauer* v. *Tell City,* 146 Ind. 490.

The revocation may be accomplished either by an affirmative act in recalling it, or by an abandonment of the scheme. The question of abandonment is one of fact, and may be said to occur where the object of the use for which the property is dedicated wholly fails. *Bayard* v. *Hargrove,* 45 Ga. 342; *Board of Education* v. *Edson,* 18 Ohio St. 221; *Campbell* v. *Kansas City,* 102 Mo. 326; *Board Com'rs Mahoning County* v. *Young,* 59 Fed. 96; *State* v. *Travis County,* 85 Tex. 435.

It has been often said that the fact of dedication depends wholly upon the intent, as manifested by open and visible acts, to appropriate the land to public use; and it is equally true that the fact of revocation by abandonment depends upon the intent, as manifested by open and visible acts, to abandon the purpose in furtherance of which the dedication was designed. Now in this case not a single lot has been sold in this "paper city," nor a single one of the streets thrown open to public use. For more than twenty years since the alleged dedication no effort has been made by the owners or any one else, so far as the proof discloses, to bring the land within the limits of the incorporated town of Arkansas City. On the contrary, the land has been continuously fenced and cultivated as a farm. Where the fences were washed away by overflow, they were rebuilt, and the platted streets again obstructed thereby. The conclusion is irresistible from these circumstances that the whole scheme for making the additions to the town of Arkansas City has failed, and has been abandoned. It is true that one of the appellants testifies that he expects, at some time, to sell the lots and to have the territory added to the town, but there it nothing in the testimony to warrant a definite or reasonable expectation that such scheme may soon be accomplished. It appears to be more a hope for future results rather than a definite present intention to bring about the result. There is nothing shown to manifest such intent until the parties had disagreed about the terms of renting the lands again for farm purposes, and this suit resulted. It was then too late, after the abandonment of the scheme, for either of the owners to insist upon a dismemberment of the farm property by throwing open the streets and alleys intersecting it.

We think the chancellor was correct in holding that the alleged dedication was not still in force, and that appellants could not demand the opening of the platted streets, avenues and alleys.

It is contended by appellants that no title passed to the streets and alleys on which the lots and blocks of appellee abutted because the conveyances under which appellee holds describes the property conveyed only by lot and block numbers.

A conveyance of lots and blocks, describing them by numbers only, passes the fee to center of the streets and alleys on which they abut, subject only to the rights of the public to use the same as highways; and when the streets are vacated or the use abandoned, they revert to the owners of abutting lots.   *Taylor* v. *Armstrong*, 24 Ark. 102; *Packet Co.* v. *Sorrels*, 50 Ark. 466; *Thomsen* v. *McCormick*, 136 Ill. 135; *Bayard* v. *Hargrove*, 45 Ga. 342; *Harrison* v. *Augusta Factory*, 73 Ga. 447; *Elliott on Roads*, § 886; *Banks* v. *Ogden*, 2 Wall. 57; 13 Cyc. p. 492.

It follows that, the dedication never having been in anyway accepted by the public, and having been revoked by abandonment of the scheme for converting the lands into additions to the adjacent town, the title to the streets, avenues and alleys passed to the owners of abutting platted lots and blocks as grantees of the original dedicators.   That is to say, they own to the center of the platted streets, etc., and of course where they own the lots on both sides it carries the title to the whole street.

This applies also, of course, to appellants as owners of some of the lots and blocks and their title to the center of the streets on which their lots abut is not disputed.   Nor is their right to reasonable means of ingress and egress to and from their property disputed.   That is expressly recognized, and not involved in this litigation.   It is only their right to have the streets and alleys, as such, thrown open to use which is denied by appellee, and which by this decision is denied to them.

The decree is therefore affirmed.

ON REHEARING.

Opinion delivered March 24, 1906.

McCULLOCH, J.   The court rendered a personal decree against J. W. Dickinson, one of the defendants, for the sum of

$114,00 for rent for the year 1903 for 30 2-5 acres of the land in controversy, referred to as a part of the southeast quarter of section 29 lying west of John's Bayou. The evidence supports the finding of the chancellor as to the number of acres cultivated by Dickinson, but there is no satisfactory showing as to how much of it was owned by appellants and how much by appellee. Counsel for appellee in their original brief, as well as the brief on petition for rehearing, do not point out the evidence sustaining the finding, and we are unable to discover any in the record.

Appellant, J. W. Dickinson, in his petition for rehearing, contends that appellee agreed with him upon a rental of $50 for a subsequent year, and urges this as an admission by appellee of the proper amount for the year 1903. This contention can not be viewed in any other light than as an admission by him that the proper amount of rent should be $50, and justifies us in sustaining the decree to that extent. So, if appellee will. within ten days, remit the decree for rent down to $50, the same will be affirmed; otherwise that part of the decree will be reversed, and the cause remanded, with directions to the chancellor to hear further proof and ascertain the amount due for rent.

In all other respects the petition for rehearing is denied, and the decree stands affirmed. The cost of appeal will be adjudged against the other appellants.