CONTINENTAL OIL COMPANY *v.* FORT SMITH.

4-4065

Opinion delivered November 25, 1935.

*James B. McDonough,* for appellant.

*Fadjo Cravens,* for appellee.

SMITH, J. The city of Fort Smith brought suit against the Continental Oil Company to enforce the specific performance of a contract relating to the sale of a small but valuable tract of land owned by and being in the city. An answer and cross-complaint was filed to which a demurrer was sustained. The material allegations of the answer are as follows: Admits that the plaintiff and the defendant entered into a contract for the sale and purchase of a tract of land hereinafter described. The contract consisted of a written bid dated October 17, 1932, reading as follows:

"Bid.

"Fort Smith, Arkansas, October 17, 1932.

"To the City of Fort Smith, Arkansas:

"We hereby bid, and offer to pay, to the city of Fort Smith the sum of four thousand five hundred ($4,500) dollars for that part of block SS of Fitzgerald Addition to the city of Fort Smith, Arkansas, said premises to measure at least 116.5 feet on the west end, and to embrace the premises lying between North 'B' Street and Rogers Avenue in said city, of at least the length just stated, and said premises being more particularly described as follows, to-wit: That part of block SS, Fitzgerald's Addition to the city of Fort Smith, Arkansas,

described as follows: Beginning at a point on North 'B' Street, thence southwesterly at right angles 7.3 feet to Little Rock Avenue; thence northwesterly 116.5 feet to point of beginning, on condition that a formal contract will be executed by said city for the sale of said premises and on the following further conditions: That within 10 days after the acceptance of this bid said city will deliver to us a complete abstract of title to said premises brought down to date showing fee simple title to said property to be vested in said city, free and clear of liens, incumbrances and objections;

"We deposit with you herewith our certified check for five hundred dollars ($500) to the order of the city of Fort Smith, such check to be applied to said purchase price if this bid is accepted and if warranty deed and proper title is furnished to us as herein provided; otherwise, said check to be returned to us;

"Within 30 days after delivery to us of said abstract we shall pay you the balance of said purchase price and simultaneously with the making of said payment you shall deliver to us a warranty deed executed by the proper authorities of said city conveying to us the fee simple title to said premises free from liens, incumbrances and objections.

"During the same period last-mentioned you shall cause an ordinance to be passed by the governing body of said city, and made effective, vacating said premises for street, alley and park purposes and other public purposes, and authorizing the execution and delivery of said warranty deed upon compliance by us with the terms hereof.

"Said deed to be so authorized shall provide that said premises are, and shall be, free from any and all restrictions in the nature of zoning and/or building line restrictions restricting the use of such premises for the purpose of a gasoline filling and service station and/or business ordinarily conducted in connection with such a station.

"If said premises are, or at any time prior to the time fixed for payment of balance of said purchase price shall be subject to any restriction or covenant, by deed,

dedication, ordinance, or otherwise, which purports to prevent the construction, maintenance and/or operation thereon of a gasoline filling station, or any such business ordinarily conducted in connection therewith, or if the construction, maintenance and/or operation of a gasoline filling station on said premises shall, prior to the time last-mentioned, be prevented in any way, we shall not, except at our option, be obligated to purchase said property, and at our option said certified check shall thereupon be returned to us.

"If examination of title discloses defects in the title which in the opinion of our attorney, or attorneys, can be removed within a reasonable time, you shall, at our option, use your best efforts to perfect said title in the manner required by said attorney, or attorneys, and in such case the time for payment of the purchase price as hereinabove provided shall be extended for such reasonable time as may be necessary for any or all of the above purposes. If such objections cannot be removed, we shall, nevertheless, have the option to receive conveyance of said property subject to said objections.

"It is further agreed that, if any suit or litigation is commenced to prevent the purchase and sale of said property, that the time or times during which said suit or litigation is pending shall be added to the times above expressed; and it is further agreed that the company will not be compelled, except at its option, to take said property in the event that litigation is brought to prevent said sale."

The answer further alleged that the city had previously invited bids and the bid of the defendant above copied was on October 18, 1932, at a regular meeting of the City Commission, adopted and agreed to as a contract between the city and the defendant oil company.

The minutes of this meeting of the City Commission recite that the city attorney had given the opinion that the city had the right to sell the property. It was alleged that this bid and this action of the Commission constitute a contract, and was the only contract between the parties.

It was alleged that the defendant was and at all times had been ready and willing to comply with said contract, and it was admitted that an abstract of the title had been furnished as agreed, but it was denied that the abstract showed a fee simple title free and clear of all liens and incumbrances. It was alleged that certain citizens of the city brought a suit to enjoin the sale, but a nonsuit was later taken. It had been made to appear that a portion of the lot above described has been used as a street since 1919, and the city is therefore unable to convey all the land as required by the bid of the defendant hereinbefore set out. By way of cross-complaint, it was prayed that the city be required to convey so much of the said land as had been worked and was now maintained as a street after ordering a reduction in the purchase price from the sum of $4,500 to the sum of $2,000; it being alleged that this latter amount was the proportionate value of the land which had not become a part of the street.

The city offered to dismiss its suit, but the oil company would not consent, and it is now insisting that the city be required to convey so much of the land as has not become a part of the street at a price proportioned to the area, the title to which the oil company approves, bears to the total area.

Appellant cites a number of cases in support of its contention. The one chiefly relied upon, and which appears to be more nearly in point, is that of *Bonner* v. *Little*, 38 Ark. 397. That was a bill by purchasers under a title bond against the vendor who had no title to a part of the lands sold. The bill prayed specific performance as to the parts of the lands which the vendor could convey with compensation for the deficiency. It was held that the relief prayed was not inconsistent and would be granted in a proper case. But we do not think that case warrants the granting of the relief here prayed. There a complete contract had been entered into which was evidenced by the title bond sued on. Here the contractual relation is evidenced by a proposal to buy, and it was this proposal which the city commission has accepted. It is alleged that a portion of the premises may not be

used for the construction, maintenance, and operation of a filling station by reason of the use of a portion thereof as a street. The bid contemplated this contingency and provided for it, the provision being that the oil company should not be obligated to purchase the property, but should have the option of having its check for $500 returned.

The City Commission in accepting the bid or the offer to buy accepted it according to its terms. Four thousand, five hundred dollars was the price it agreed to take. This was the price the oil company agreed to pay. The agreement to buy was absolute, if there were no defects in or failure of the title. If there were defects in or failure of title, the oil company reserved the option to buy, notwithstanding the defects. If it did not so elect, the right was reserved to demand the return of the $500 earnest money and to cancel the contract. Defects having appeared, the oil company has the option to buy or to decline to buy. It may take the property or it may leave it; but it cannot impose terms not contained in its original proposition.

The city has offered to take a nonsuit. It no longer asks the specific performance of the contract. It recognizes that the oil company has an option which it may accept or reject. If the oil company does not elect to proceed with its purchase, it may have the return of its earnest money, but it is entitled to no other relief.

The demurrer to the answer and the cross-complaint was therefore properly sustained, and the decree so ordering is affirmed.