### SCHATTLER *v.* CASSINELLI.

Opinion delivered May 7, 1892.

*Tax deed—Description of land.*

> A tax deed, and a decree confirming it, described the tract of land sold as "E. part of N. ½ of SE. ¼ of SE. ¼" of a section, containing 7.54 acres. There was nothing in the description itself or in the circumstances, such as a recital of ownership, to identify the land sold, except that the taxes were delinquent for that year on a tract of land, of the required area, in the shape of a trapezoid, and situated in the east part of N. ½ of SE. ¼ of SE. ¼ of the section named. *Held :*
>
> (1) That the description was insufficient to identify the trapezoid.
>
> (2) That the circumstances rebutted the presumption that it was intended to sell a tract of the stated area in the form of a parallelogram described upon the east line of the larger tract as a base with the north and south lines as laterals.
>
> (3) *Semble,* that if there were nothing to rebut the presumption of a sale of a parallelogram, the description was too indefinite to convey title.

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

L. D. Cassinelli and Anna La Fore brought suit against Charles Schattler to quiet their title to a certain tract of land situated in the SE. ¼ of SE. ¼ of Sec. 27, T. 2 N., R. 12 W., described by metes and bounds, containing 7.54 acres and lying in the shape of a trapezoid, as will be seen from the accompanying plat. They alleged that defendant claimed the land under a pretended tax forfeiture of the land by the description of the E.

part of N. ½ of SE. ¼ of SE. ¼ of sec. 27, T. 2 N., R. 12 W., which forfeiture is void for uncertainty in description; that defendant had procured a decree confirming his tax title by the same description. Defendant filed an answer and cross-complaint, relying upon his tax title and decree confirming it; and prayed that the complaint be dismissed, for costs and for general relief. The court found that the description in the tax title and decree was void for uncertainty, cancelled defendant's tax title, and vacated the decree confirming it. Defendant has appealed.

Reference is made in the opinion to a plat of the land in controversy which accompanied the complaint and is as follows:

Plat of SE. ¼ of SE. ¼ of sec. 27, T. 2 N., R. 12 W. The land in controversy is represented by the black in the diagram.

*Marshall & Coffman* and *Vaughan & Collins* for appellant.

1. All inquiry as to the validity of the defendant's tax title was cut off by the decree of confirmation. 52 Ark. 400; 50 *id.* 188; 42 *id.* 345; 18 S. W. Rep. 633. These cases overrule 22 Ark. 118, in so far as that case holds that the sale of lands after payment of taxes is a fraud which vitiates the confirmation decree.

2. If the decree of confirmation is void on its face for want of description, then the decree and deed are no cloud on plaintiff's title, and the bill does not lie. 30 Ark. 579; 37 *id.* 643; 50 *id.* 484. Nor was Cassinelli in possession. 37 Ark. 643.

3. The description is not void for uncertainty. It locates the part of the forty acre tract in which the disputed tract lies. 50 Ark. 484. It is definitely located by oral testimony, which is admissible for that purpose. Welty on Assessments, secs. 80, 86; Cooley on Tax. 404; 50 Ark. 484; Mansf. Dig. secs. 5677–81, 5790. As to the necessary identification, see Cooley on Tax. p. 404, 486; 2 N. Y. 66; 49 Pa. St. 440; 32 *id.*, 52; Cooley on Tax. 407.

4. There is sufficient evidence in this case to locate the land. 58 Penn. St. 266; 51 Ia. 346; 93 Ill. 116; 36 Mich. 80; 13 Oregon, 470; 71 Ala. 53; 42 N. J. 401; 22 Cal. 363; Cooley on Tax. 408.

5. But if the description cannot be aided by parol proof, the land should be laid off in a parallelogram off the east end. Devlin, Deeds, 1019; 45 Ark. 17; 2 Ohio, 327; 53 Miss. 259; 60 *id.* 107; 84 Ala. 193; 121 Ill. 455; 5 So. Rep. 104; 58 Miss. 877.

*Williams & Shinn, Ratcliffe & Fletcher,* and *E. W. Kimball* for appellee.

1. The right of review of a confirmation of tax title is beyond question. 22 Ark. 118; 33 *id.* 162; 24 *id.* 431; 98 U. S. 61; 42 Ark. 345; Mansf. Dig. sec. 5195, as

amended by Acts 1887, p. 53 ; 36 Ark. 591 ; 3 Metc. (Ky.) 298 ; 14 B. Mon. 272. The bill lies to remove the cloud of tax title upon wild land (39 Ark. 196); or to rescind a void decree (30 Ill. 215).

2. The deed presented for confirmation was absolutely void for uncertainty of description. The description speaks for itself, and no one could even apply it to the land claimed. 30 Ark. 657 ; *ib.* 640 ; 3 *id.* 18 ; Black on Tax Titles, secs. 38, 81, 220-2 ; Cooley on Tax. pp. 404-8, 486 ; Mansf. Dig. sec. 5677 ; Welty on Assessments, secs. 80-88 ; Devlin on Deeds, secs. 1010-11, 1405-6, 1432 ; 142 U. S. 664. It cannot be laid off as a parallelogram, for it would include land on which the taxes have been paid.

HEMINGWAY, J. The appellant claims a tract of land under a tax deed and decree confirming it. The only description in the deed or decree is "E. part N. $\frac{1}{2}$ SE. $\frac{1}{4}$ of SE. $\frac{1}{4}$ sec. 27, town. 2 N. range 12 W., containing 7.54 acres ;" there is no circumstance in the description—as of ownership—to assist in its identification. The question is, does this identify the land ? It is conceded that the taxes had been paid upon a part of the land which would come within a parallelogram, of the stated area, described by taking the east line of the tract as a base and its north and south lines as laterals ; and that it was not intended to sell a tract in a parallelogram but one in a trapezoid. It is clear that any tract of the requisite area, taken out of the east half of the twenty acre tract, would, in a general sense, come within the description, and it is impossible to determine just what was intended, unless there is some rule of legal construction that gives to the description a meaning different from its popular acceptation.

The appellant contends that such is the case, and that the law intends from the description a tract of the stated area in the form of a parallelogram described upon

the east line of the larger tract as a base with the north and south lines as laterals. Such is the rule often applied by courts in construing descriptions as between parties to them, where there is a clear intention shown to affect some part of a definite tract, and the parties furnish no other means to identify the part. But this rule is not unbending, even in such cases, and yields to a proper showing that the parties intended otherwise; and proof that the party acting upon the land owned but one tract coming within the description, and it not in a parallelogram, has been permitted to control.

Therefore if the rule apply at all in cases where the description is not made by the owner but is found in proceedings that prejudicially affect him, it could not govern in this case, because the circumstances and the claim made by the appellant show that there was no intention to sell a tract in a parallellogram. When the circumstances rebut such intention and supply no other, the description is left uncertain and meaningless, and notice does not inform the owner that he is liable to lose his land or the public what is to be sold. The case of *Stewart* v. *Aten's Lessee*, 5 Ohio St. 257, presents a description strikingly similar to the one under consideration, and it was adjudged void for uncertainty, for the reasons stated by us. But if there was nothing in the circumstances to rebut the presumption of an intention to sell a parallelogram, it may be seriously doubted whether the description standing alone would come within the rule invoked and be held sufficiently definite. For in cases where such descriptions have been aided by the rule, it appeared, either by direct recital in the description or from the circumstances, who owned the land intended; and the ownership indicated was held sufficient to perfect the identification. *Judd* v. *Anderson*, 51 Ia. 345, may be cited as an example. In this case we find nothing in the description itself or in the

circumstances to indicate who owned the land sold for taxes ; and as ownership was not disclosed as a means of identification, it may be questioned whether the description before us could in any case be adjudged sufficient.

The plat on file may be used to illustrate the great injustice that the rule invoked would work, if applied to tax sales and proceedings to confirm them. Mrs. La Fore owns lots 5 and 6, containing, say, two acres ; and Cassinelli owns lots 7 and 8, containing, say, three acres ; and all are a part of the east half of the twenty acre tract. Suppose Mrs. La Fore should pay taxes on two acres as in the eastern part of the tract and take her receipt, and that Cassinelli should fail to pay upon his part ; that Mrs. La Fore should see advertised for sale as delinquent " three acres in the east part " of the tract, assessed to an unknown owner. Would she, or any ordinarily intelligent and prudent owner in her position, think that a part of her land was to be sold ? We think not ; and if not, such description is practically no description, since it lacks the first requisite of one—notice to the owner. Yet if the rule be applied, such a sale would be valid ; and pass, not the land intended, but the land in a parallelogram along the entire line of the tract, including a part of her lots. Thus a rule of judicial origin, which was designed to ascertain the meaning of parties to a description when they had not clearly expressed it, would be employed against one who was a stranger to the description and ignorant that it was intended to apply to his land ; the result would be to pass land which no one intended, or was authorized, to sell, and which persons ordinarily conversant with land descriptions would not expect to be sold. A description which can be understood and made definite only by judicial construction does not accomplish the essential functions of a description in tax proceedings ; and as the law requires

one to be made for the practical purpose of protecting the owner, any that conveys no certain meaning to persons ordinarily versed as to such matters does not answer the requirement. One which is intelligible only to a high order of legal understanding conveys no meaning to others—the vast majority of tax payers—and should not be adjudged sufficient as the basis of a tax proceeding, or of a proceeding to confirm a tax sale upon constructive notice.

As the rule is of judicial origin, intended to aid in the practical administration of justice, it should not be extended beyond the sphere of its usefulness to a class of cases where it is calculated to work injustice and wrong.

Whether the court could have granted the relief upon a complaint which showed that, though the defendant was asserting a claim to the land, his deed and decree contained no certain description of it, we need not decide. For the defendant filed a cross-bill with his answer, and incorporated in it a prayer for general relief; he thereby invoked the judgment of the court upon the conflicting claim of title which he set up, and this warranted the court in determining the merits of the entire controversy and adjudging the effect of the deed and decree.

Affirm.