TOLER *v.* FISCHER AND HOLMES.

4-6216 148 S. W. 2d 159

Opinion delivered March 3, 1941.

W. E. Beloate, C. O. Raley and W. A. Jackson, for appellant.

W. P. Smith, H. W. Judkins and O. C. Blackford, for appellees.

HOLT, J. December 15, 1936, appellee, H. W. Holmes, filed complaint making appellant, W. W. Toler, and certain alleged employees of Toler, defendants. In this complaint Holmes alleged that he was the owner of a certain tract of land in Lawrence county and certain personal property thereon; that the defendants were unlawfully removing, and attempting to remove, the personal property from the lands and out of the State of Arkansas.

He further alleged that W. W. Toler owned no property in the state and asked for a temporary restraining order and that upon final hearing it be made permanent, and further sought damages for the unlawful conversion of the property.

Toler is a nonresident of Arkansas and service was sought by warning order. An attorney *ad litem* was appointed and gave notice to Toler of the suit, furnishing him a copy of the complaint.

Toler filed separate answer September 28, 1937, denying the allegations of the complaint and further pleaded that he was the owner of the tract of land and the personal property described in Holmes' complaint, having acquired title January 31, 1934, by purchase from the Western Lawrence County Road Improvement District. He alleged that the road district had theretofore acquired title by sale and confirmation of the land in question for delinquent taxes for 1921 and 1922, and prayed for dismissal of appellee Holmes' complaint, and that title to the land and "all appurtenances, machinery and fixtures be vested in him."

Subsequent to the filing of appellant's separate answer, W. W. Fischer, by interlineations in the original complaint, was made a party plaintiff to the cause, and April 4, 1938, appellees, Holmes and Fischer, filed an amendment to the original complaint and a reply to appellant's answer in which they denied every material allegation in appellant's answer, and in addition asserted

that appellant's alleged title to the property claimed to have been acquired from the Western Lawrence County Road Improvement District was void because of fatally defective description of the property in the sale and confirmation by the road district and in its deed of conveyance to appellant Toler.

They further alleged that on November 18, 1926, Holmes had redeemed the property in question for the delinquent taxes for 1921 and 1922, prior to the alleged sale and confirmation by the road district and that said district's attempted sale and confirmation was void; that on March 28, 1924, Holmes sold to appellee, W. W. Fischer, all of the tools, machinery, buildings, and other improvements, located upon said land under a conditional sales contract whereby said lands were leased to Fischer for a term of years ending April 6, 1939, with permission to Fischer to maintain, use and operate same; that appellant and his employees had unlawfully taken possession of and removed said equipment and machinery belonging to Fischer and converted same to his own use, to Fischer's damage in the sum of $25,051.40.

They further alleged that Holmes derived title to the lands by warranty deed on August 29, 1922, from the then owners and has had title thereto since that date. They prayed for cancellation of the purported deed from the road district to W. W. Toler, that title to the land be confirmed in appellee Holmes and that appellee Fischer recover damages for the wrongful conversion.

March 29, 1939, appellant Toler filed an amended answer in all material respects containing allegations similar to those contained in his separate answer filed September 28, 1937.

April 2, 1940, the cause was heard before the court on the pleadings, testimony, depositions, and exhibits, submitted by the parties, and the court found that it had jurisdiction of all the parties and the subject-matter of the action; and

"That the lands involved in this suit were not properly and legally described in the complaint for foreclosure of delinquent taxes due Western Lawrence County Road

Improvement District; in the advertisement for sale, in the report of sale, and in the deed purporting to sell said lands to the defendant, W. W. Toler, and for that reason the purported sale thereof and the deed therefor to W. W. Toler is void and of no effect.

". . . that the plaintiff, W. W. Fischer, is the owner of the rock quarry and all machinery located upon the lands involved herein . . .

"That the plaintiff, H. W. Holmes, is the owner of the above described lands and is entitled to have his title thereto confirmed by this court.

". . . that the defendant, W. W. Toler, has no title, right, or interest in and to said lands or to the rock crusher or machinery located thereon, and never had any such title by reason of his void deed from the Western Lawrence County Road Improvement District, or by payment of any taxes he might have paid.

". . . that the temporary restraining order should be made permanent and that said defendant be forever enjoined from destroying, or removing any of the machinery or other personal property from said lands, and further enjoined fom interfering with the title or possession of the plaintiffs, W. W. Fischer and H. W. Holmes, to all of said real and personal property.

". . . that the defendant, W. W. Toler, wrongfully, unlawfully and without right destroyed and converted to his own use portions of the rock crusher and machinery, railroad tracks, cars, and other personal property, belonging to the plaintiff, W. W. Fischer, to the amount of $1,000 for which amount W. W. Fischer has been damaged, and that he should have judgment against W. W. Toler for said sum, with interest from April 2, 1940, at 6 per cent. until paid.

"That the deed from Western Lawrence County Road Improvement District to W. W. Toler, as well as the deed from the commissioner in chancery conveying said lands to the improvement district, should be canceled as a cloud upon the title of plaintiff, H. W. Holmes," and entered a decree accordingly. This appeal followed.

Appellant first contends that he was never properly served with summons in the cause; that no service was had upon him by personal service, and that the attempted service by warning order was invalid and insufficient.

Without attempting to set out here the facts on the question of the attempted service on appellant, it is undisputed that after appellant received notice from the attorney *ad litem* appointed by the court, he filed, first, a separate answer to appellee Holmes' original complaint, and later, after Holmes had amended his original complaint making W. W. Fischer a party plaintiff, Toler filed an amended answer, all without objection or attempting to preserve protest to the jurisdiction of his person. In addition, he filed certain motions, took depositions and submitted to a trial of the cause.

Clearly we think by these acts appellant entered his appearance for all purposes, even though not served personally, or constructively, with summons.

In *Spratley* v. *Louisiana & Arkansas Ry. Co.*, 77 Ark. 412, 95 S. W. 776, this court said: "There is no doubt but that where a party, who has not been served with summons, answers, consents to a continuance, goes to trial, takes an appeal, or does any other substantial act in a cause, such party by such act will be deemed to have entered his appearance. But this rule of practice does not apply in cases where the party on the threshold objects to the jurisdiction of his person, and maintains his objection in every pleading he may thereafter file in the case."

Appellant next contends that he obtained title to the land and rock quarry, machinery, and equipment as being a part of the freehold, by virtue of his deed from the Western Lawrence County Road Improvement District under date of January 31, 1934. We are of the view, however, that this contention cannot be sustained for the reason that the advertisement, sale and confirmation to the road district, of the land in question were had under an improper and void description, which made the deed of the road district to the land void, and the deed under which the road district attempted to convey to appellant, Toler, was likewise void and of no effect.

Because of this inadequate and void description, the court below lacked the power to sell these lands for the road district taxes assessed against them. The lands were assessed, advertised, sold, and confirmed under the following description: "R.B.R. S.E. Quarter of S.W. Quarter, Section 25, Twp. 18, R. 2 W. 25.88 acres," which, as indicated, was inadequate and void.

In *Rhodes* v. *Covington;* 69 Ark. 357, 63 S. W. 799, this court said: "A description of land in a tax proceeding that does not sufficiently identify it 'defeats one of the most just and obvious purposes of the statute—that of giving the owner notice that his land is to be sold, so that he may pay the tax and prevent the sales,' or at least redeem his land before the expiration of the time allowed for that purpose. To effect the laudable purpose of protecting the owner, the description should be such as will be readily understood by persons even ordinarily versed in such matters. A description which is intelligible only to persons possessing more than the average intelligence, or the use and understanding of which is confined to the locality in which the land lies, is not sufficient. *Schattler* v. *Cassinelli,* 56 Ark. 172, 19 S. W. 746.''

And in the later case of *Halliburton* v. *Brinkley,* 135 Ark. 592, 204 S. W. 213, the following description was held void: "N of RR Frl. SW¼, section 26, T. 6 N., R. 7 S., 125 acres.'' It was there said:

" 'In special statutory proceedings to enforce tax charges against lands, the abbreviations employed must have been in such general use and knowledge in reference to government surveys that the meaning thereof will be intelligible, not only to experts but also to persons with ordinary knowledge of such matters.'

"And referring to the use of the letters 'RR' in that description further said: 'The abbreviation "RR" is not an abbreviation commonly used to designate government subdivisions. Government surveys were not made with reference to railroads. The abbreviation "RR" does not necessarily convey the meaning of railroad to one of only ordinary experience in land titles. As suggested by appellants (referring to appellants on that appeal), the

letters could have reference to Ridge Road or River Road. It might refer to any natural or artificial monument in mind'.''

See, also, the recent case of *Moseley* v. *Moon, ante,* p. 164, 144 S. W. 2d 1089.

It follows that the road district had no title to the property and, therefore, nothing to sell.

Finally appellant urges that the chancery court was without power to award damages to appellee, W. W. Fischer, and that the evidence does not warrant a judgment of $1,000 in his favor.

On the pleadings filed in the lower court, however, Fischer was made a proper party plaintiff, and not only was injunctive relief sought, but the question of title to the property was in issue. Clearly these were matters properly before the court, and having acquired jurisdiction for these purposes, it properly retained jurisdiction to settle all matters arising between the parties growing out of the subject-matter, whether legal or equitable.

As far back at 37 Ark. 286, in the case of *Conger* v. *Cotton,* this court said: ''The settled rule is, that where, by reason of any equitable element, a court of chancery acquires jurisdiction of a matter in controversy, it will retain it for the settlement of all rights between the parties growing out of and connected with the subject-matter, whether legal or equitable, so as to do complete justice, and may even adjudge damages for compensation, which it could not do, if they were the principal object of the suit.''

And in the later case of *Cleveland* v. *Biggers,* 163 Ark. 377, 384, 260 S. W. 432, this court said:

''The action of the court in sustaining the demurrer and dismissing the complaint is defended upon the ground that, as a suit for damages, relief could be granted only in a suit at law.

''The case of *Horstmann* v. *LaFargue,* 140 Ark. 558, 215 S. W. 729, is against that view. In that case a suit for personal injuries was brought in equity, and in the same suit it was asked that certain alleged fraudulent

conveyances be uncovered. The jurisdiction of the court was challenged upon the ground that a suit for unliquidated damages could be maintained only at law; but we held that, inasmuch as it was necessary for the plaintiff to go into equity to uncover fraudulent conveyances, all the matters in issue should be adjudged and complete relief afforded."

Much evidence was introduced by the parties as to the amount of damages sustained by W. W. Fischer by the removal of the machinery and fixtures from the rock quarry. There is evidence that the damages were much greater than the court awarded, and also evidence that the damages are much less. Suffice it to say, however, without attempting to abstract this testimony, that we think the findings of the chancellor are not against the preponderance of the testimony.

On the whole case, finding no error, the decree is affirmed.