GARDNER *v.* JOHNSON.

4-9717                                  246 S. W. 2d 568

Opinion delivered March 3, 1952.

*Jackie L. Shropshire* and *J. R. Booker,* for appellant.

*John D. Eldridge, Jr.,* and *Owens, Ehrman & Mc-Haney,* for appellee.

ROBINSON, J. This suit was filed in an effort to quiet title to tax forfeited lands purchased from the state by appellant. On the 24th day of April, 1929, for the consideration of $1,500, Ector R. Johnson acquired by warranty deed from the heirs of W. P. Yarbrough the following described property:

Beginning at the NW corner of the E ½ of NE ¼ of Section 1, Township 7 North, Range 4 West; thence South on the one-eighth section line 16.15 chains to a stake; thence South 85 degrees east and parallel with the Right of Way of the St. Louis Iron Mountain Railway 3.25 chains to a stake; thence North 16.19 chains to a stake; thence West 3.25 chains to point of beginning, containing 5¼ acres; ¼ acre in the NW corner is in the road and belongs to same; 5 acres being the amount sold to W. P. Yarbrough.

The property is located within the city limits of Augusta, Arkansas. Property described as follows forfeited for the non-payment of taxes for the year 1936:

"SW corner of the NE ¼ of NE ¼ of Section 1, Township 7 north, Range 4 west;".

On May 2, 1940, for the consideration of $5.00, the appellant, Gardner, obtained from the State a deed to

tax forfeited lands bearing the last-named description. On the 2nd day of January, 1950, the appellant filed suit in Woodruff Chancery Court against Mrs. Hortense Clark Johnson, alleging that he, Gardner, was the owner of the property described as follows:

The SW corner of NE ¼ of Section One (1), Township 7 North, Range 4 West, containing 5 acres, more or less, more particularly described as Beginning at the NW corner of the E ½ of NE ¼ of Section 1, Twn 7 N, Range 4 West; thence South on the one-eighth Section line 16.15 chains to a stake; thence south 85 degrees east and parallel with the right of way of the St. Louis Iron Mountain and Southern Railway 3.25 chains to a stake; thence North 16.19 chains to a stake; thence West 3.25 chains to a point of beginning, containing 5¼ acres; ¼ acre in the NW corner is in the road and belongs to the same, 5 acres being the amount described.

To support his claim of ownership of the property described in his complaint, appellant relies on his deed from the State to the property therein described as "SW corner NE ¼ NE ¼ Section 1, Township 7 North, Range 4 West, 5 acres E of R." Appellant has paid taxes on property of the last-named description since he acquired the deed from the State. During this same time appellee has paid taxes on property described as:

Begin at intersection of Gravel St. & Hwy 33, running East along Hwy 33 200 ft; thence South to N. line of Missouri Pacific Railroad; thence West along said Rt. of way to East side of Gravel St., thence North along said line to point of beg. 3 acres, Augusta, inside corporation. In name of E. R. Johnson.

Appellant must stand on his own title, *King* v. *Booth*, 94 Ark. 306, 126 S. W. 830, and that is whatever title he acquired from the State, if any. If the description under which the property was sold for taxes was insufficient and void, then there was no power to sell.

In *Lumsden* v. *Erstine*, 205 Ark. 1004, 172 S. W. 2d 409, 147 A. L. R. 1112, we said: "When tax proceedings

are taken against the land itself, with no personal notice to the owner, it is generally agreed that the collector's notice or petition for judgment must contain a reasonably certain description of the land, such as to admit of its identification. And this requirement is jurisdictional, and goes to the validity of the judgment.

"This court has held that a void description defeats the power to sell, and confirmation proceedings cannot cure this defect. *Dansby* v. *Weeks,* 199 Ark. 497, 135 S. W. 2d 62, and *Powell* v. *Coggins,* 204 Ark. 739, 164 S. W. 2d 891." If there was no power to sell, the State acquired no title and could convey none to appellant, Gardner.

Appellant says that he is the owner of certain property described in the complaint as heretofore mentioned. He contends that he owns this property by having acquired it from the State. But, the deed from the State described property which cannot be identified as the same property the appellant claims in this suit to own. It will be seen from the metes and bounds description of the property conveyed to Johnson by the Yarbrough heirs that the property is oblong in shape, and not a square. Hence, a square containing five acres in the corner of the quarter-section measured from any point would not conform to the description of the property involved here.

The tax sale was invalid by reason of the defective description. The law is firmly established in this State that in order to make a valid sale of land for taxes, the land must be described with certainty upon the assessment rolls, and all subsequent proceedings for the enforcement of payment of taxes, *Wilkerson* v. *Johnston,* 211 Ark. 170, 200 S. W. 2d 87. In that case the court said:

"It is well settled, not only by the decisions of this court, but by the adjudged cases in the courts of other states, as far as we can discover, that, in order to make a valid assessment and sale of land for taxes, the land must be described with certainty upon the assessment rolls and in all subsequent proceedings for the enforcement of payment of the tax. The chief reason for this requirement is that the owner may have information of

the charge upon his property. It has some times been said that a description that would be sufficient in a conveyance between individuals would generally be sufficient in assessment for taxation. We do not, however, consider that a safe test. The description in tax proceedings must be such as will fully apprise the owner, without recourse to the superior knowledge peculiar to him as owner, that the particular tract of his land is sought to be charged with a tax lien. It must be such as will notify the public what lands are to be offered for sale in case the tax be not paid. In *Cooper* v. *Lee,* 59 Ark. 460, 27 S. W. 970, this court said: 'A description which is intelligible only to persons possessing more than the average intelligence, or the use and understanding of which is confined to the locality in which the land lies, is not sufficient.' These statements have been cited with approval in many subsequent cases.''

At the tax sale which the defendant relies on to validate his deed from the State, the property was described as follows: ''Southwest corner of NE ¼ NE ¼, Section 1, Township 7 North, Range 4 West, containing 5 acres.''

This court has held many times that similar descriptions in tax sales are defective. All of the following descriptions have been held to be defective:

''E. part N. ½ SE. ¼ of SE. ¼ Sec. 27, town. 2 N., range 12 W., containing 7.54 acres;''—*Schattler* v. *Cassinelli,* 56 Ark. 172, 19 S. W. 746;

''part E. ½ N.E. ¼ Sec. 32 T. 12 S., R. 1 W.,''—*Dickenson* v. *Arkansas City Improvement Co.,* 77 Ark. 570, 92 S. W. 21;

''the following described property; und. 2-6 of northwest ¼ of section twenty four (24) in township six (6) north, range eight (8) west, containing fifty-three and 33-100 acres, situate in the county of White and State of Arkansas, was subject to taxation for the year A. D. 1899.'' *King* v. *Booth,* 94 Ark. 306, 126 S. W. 830;

''Ex. 10 A. Sq. NE Cor. S ½ SE 26-11-11 containing 70 acres.''—*Guy* v. *Stanfield,* 122 Ark. 376, 183 S. W. 966;

"Pt. west half of the northeast quarter of section 28, township 12 south, range 32 west, containing 11.48 acres.", and "Pt. west half of the northeast quarter of section 28, township 12 south, range 32 west, containing 68.52 acres." *American Portland Cement Co.*, v. *Certain Lands,* 179 Ark. 553, 17 S. W. 2d 281;

"Pt. SE ¼ NE ¼, Sec. 19, Twp. 8 N. Range 21 W.; 34 acres." *Price* v. *Price,* 207 Ark. 804, 182 S. W. 2d 879;

"R.B.R. S.E. Quarter of S.W. Quarter, Section 25, Twp. 18, R. 2 W. 25.88 acres,"—*Toler* v. *Fischer et al.,* 201 Ark. 1107, 148 S. W. 2d 159.

The property which the appellant claims to own by reason of his purchase from the State was sold for taxes under a void description. The Chancellor's decree is, therefore, correct and is affirmed.