COOK v. LANGHORNE.

4-9568                                    242 S. W. 2d 838

Opinion delivered October 22, 1951.

*Frank S. Quinn* and *L. Jean Cook,* for appellant.

*Willis B. Smith* and *A. G. Sanderson, Jr.,* for appellee.

PAUL WARD, J. In 1928, Bero Eldridge, owning acreage near Texarkana, in Miller County, Arkansas, platted same into lots, blocks, streets and alleys as shown on a plat which was designated ''Forest Park Addition to Texarkana, Arkansas'' and filed for record. The lots involved in this suit were forfeited in 1928-29-30 to the state for taxes—some in 1928, some in 1929 and the balance in 1930. The county forfeiture records describe the land in question as lots and blocks in Forest Park Addition to Texarkana *in* the City of Texarkana. In 1931 Bero Eldridge sold the lots to appellant L. Jean Cook. Prior to 1945 appellees bought the lots from the state, taking from the State Land Commissioner a deed which describes the lots and reads in part as follows:

''The following lots situated *in* the city of Texarkana, County of Miller, in the State of Arkansas . . .
No. of lot        No. of Block        Addn. or Subdiv.
7                    9                    Forest Park Addition''
All the lots appellees bought from the state were described as set out above. It is conceded that ''Forest Park Addition to Texarkana, Arkansas'' is not within the corporate limits proper of the City of Texarkana, but is separated by about ¼ mile of unplatted land on the north side of the City. The record does show that Forest Park Addition is connected to the City by other platted areas, and the evidence shows that the Addition and the City are joined by development so that a casual observer could

not tell where the corporate limits end and the Addition begins. In 1945 appellees went into possession (denied by appellant) by fencing same and putting up signs. After two years of such possession appellees brought suit in Chancery Court, alleging, in substance, the above facts, and asked to have their title quieted against appellant under provisions of the two year statute of limitations— Ark. Stats. § 34-1419. From a decree of the lower court in favor of appellees, appellant has prosecuted this appeal, urging for a reversal the grounds set out hereinafter.

First, appellant contends that since the lots are described as being *in* the City of Texarkana when in fact they are in an addition not even physically connected with the City's corporate limits, the description [of the lots] is so indefinite as to render the forfeiture and the State deeds null and void. Therefore, it is urged, appellees' deeds from the State, being void, do not constitute such color of title as to support adverse possession. This being true, appellant further states, the description cannot be reformed, citing in support *Daniels* v. *Newsom*, 213 Ark. 736, 213 S. W. 2d 367. Many cases are cited in an attempt to show that, in situations such as obtain here, the description must be definite. In *Schattler* v. *Cassinelli*, 56 Ark. 172, 19 S. W. 746, it was said that the description must be so definite as to be understood by persons ordinarily versed in such matters and not merely by one with a higher order of legal understanding. We agree with these general legal principles but we think they do not apply to the facts of this case. In our opinion the description of these lots, as they were forfeited and also deeded by the State, was definite to and understandable by any person of ordinary knowledge. There is only one Forest Park Addition to Texarkana and it is difficult to see how one could possibly be misled as to where the lots were located. Certainly appellant, who bought from the man who platted the lots and named the addition, gives no indication that he was ever confused or misled by the description. This being true no question of reformation arises. Regarding the location

of Galloway College at or in the town of Searcy this court held in *Rogers* v. *Galloway Female College*, 64 Ark. 627, 44 S. W. 454, 39 L. R. A. 636, that *in* Searcy did not necessarily mean within the corporate limits.

It is next insisted that appellees cannot claim adverse possession because during the two year period they acknowledged the ownership of appellant. This contention is based upon the fact that appellees instructed their attorney to do what was necessary to clear any clouds on their title, and pursuant thereto the attorney offered appellant $300 for his claim. In this connection the attorney wrote appellant two letters which appear in the record. This contention is not supported by the testimony. Appellant admitted that this offer to him was explained as being in lieu of what it would cost to hire an attorney and prosecute a suit. The letters corroborated the above explanation of the offer, and also stressed the fact that appellees were claiming title to the lots. This did not constitute a disclaimer of title or an intent to. hold adversely on the part of appellees, as was held in *Broad* v. *Beatty*, 73 Ark. 106, 83 S. W. 339; and *Meaders* v. *Moore*, 134 Tex. 127, 132 S. W. 2d 256, 125 A. L. R. 817.

It is finally urged by appellant that appellees' control over the lots did not constitute actual adverse possession, because their fence enclosed not only the lots but also the platted streets and alleys. It is conceded that appellees' deeds did not include the streets and alleys. Appellees' testimony shows that they enclosed each block separately in October, 1947, (more than two years before this suit was filed) and that they posted and rented the land. We think the evidence is ample to support the finding of the chancellor on this issue.

We are of the opinion that appellees had, for more than two years, adverse possession of the lots, holding same under deeds containing descriptions sufficiently definite, and that they were entitled to have their title quieted under the provisions of the aforementioned statute. Therefore the decree of the lower court is affirmed.